FLEMMING, ZULACK & WILLIAMSON, LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
Dean R. Nicyper, Esq.



Attorneys for Plaintiff Sotheby's, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SOTHEBY'S, INC.,

      Plaintiff,

   - against -

ROD SHENE, STAATSGALERIE STUTTGART, and THE STATE OF BADEN-WÜRTTEMBERG, GERMANY, by itself and as agent for STAATSGALERIE STUTTGART, and THE BADEN-WÜRTTEMBERG MINISTRY OF SCIENCE, RESEARCH AND THE ARTS,

      Defendants.
-------------------------------------------------------------- X

JUDGE GRIESA

**04 CV 10067**

**INTERPLEADER COMPLAINT**

Case Number: 04CV10067(TPG) ECF CASE

  Plaintiff Sotheby's, Inc. ("Sotheby's"), by its attorneys, Flemming, Zulack & Williamson, LLP, as its interpleader complaint against the defendants Rod Shene ("Shene"), Staatsgalerie Stuttgart (the "Museum"), and The State of Baden-Württemberg, Germany (the "State"), by itself and as agent for Staatsgalerie Stuttgart and the Baden-Württemberg Ministry of Science, Research and the Arts (the "Ministry"), states as follows:

## NATURE OF THE ACTION

  1. This is an interpleader action for determination of which of the defendants has superior right, title and interest in the *Augsburger Geschlechterbuch*, a collection of 16th

Century drawings and engravings (the "Property"). Plaintiff Sotheby's makes no claim to the Property.

## PARTIES

2. Sotheby's is a duly organized New York corporation with its principal place of business located at 1334 York Avenue, New York, New York.

3. Upon information and belief, Shene is a book trader and resident of, and with a principal place of business in, St. Louis, Missouri who claims ownership of or other interest in the Property.

4. Upon information and belief, Staatsgalerie Stuttgart is a museum in the city of Stuttgart in the state of Baden-Württemberg in Germany, with a principal place of business at Urbanstrasse 41, 70038 Stuttgart, Germany, and claims ownership of or other interest in the Property.

5. Upon information and belief, the Baden-Württemberg Ministry of Science, Research and the Arts is a department of Baden-Württemberg's state government, with a principal place of business at Königstraße 46, 70173 Stuttgart, Germany, and claims, on behalf of the State of Baden-Württemberg, ownership of or other interest in the Property.

6. Upon information and belief, the State of Baden-Württemberg, Germany, is a foreign state or an instrumentality of a foreign state, with a principal place of business at Königstraße 46, 70173 Stuttgart, Germany, and, as a juridical entity that can be sued on behalf of the Museum and the Ministry, is an agent of the Museum and the Ministry for the purposes of this action, and claims ownership of or other interest in the Property.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1330 (actions against foreign states) and 28 U.S.C. §1332(a)(2) (based upon diversity of citizenship among the parties). The amount in controversy exceeds $75,000, exclusive of interest and costs. Venue lies in this district pursuant to, *inter alia*, 28 U.S.C. § 1391(a)(2), § 1391(a)(3), § 1391(b)(2), § 1391(d), and § 1391(f)(1).

8. This Court also has *in rem* jurisdiction regarding the Property because this interpleader action is brought by Sotheby's to obtain an order requiring that the defendants interplead together with respect to their claims to the Property, which is located in this district.

## FACTS AND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

9. In or about March 2004, Shene delivered the Property to Sotheby's in contemplation of a sale of the Property.

10. Sotheby's is in possession of the Property in New York, New York.

11. After Shene delivered the Property to Sotheby's, Sotheby's contacted the Museum, on or about April 1, 2004, to obtain further information relating to the provenance of the Property.

12. On or about July 21, 2004, the German Consulate General's office in New York informed Sotheby's that the Museum believed the Property had been stolen from the Museum in or about 1945 and that the Museum was the legal owner of the Property. Subsequently, on or about August 25, 2004, the Ministry wrote to Sotheby's asserting that the State of Baden-Württemberg, alleging to be the owner of the gallery collections of the Museum, is the owner of the Property.

13.     Upon information and belief, in or about August or September 2004, Shene, the Museum, the Ministry and the State began negotiations to resolve their competing claims to the Property.

14.     Upon information and belief, on or about November 1, 2004, Shene commenced an action against the Museum and the Ministry, titled <u>Rod Shene v. Staatsgalerie Stuttgart, et al.</u>, No. 04 CV 08640 (DC) (S.D.N.Y.) (the "Shene Lawsuit"), seeking, *inter alia,* declaratory judgment regarding the respective parties' right, title and interest to the Property.  Upon information and belief, the Shene Lawsuit was voluntarily dismissed by Shene, the plaintiff therein, on or about December 7, 2004.

15.     Upon information and belief, the Property is the property of either Shene or the State, the Museum and/or the Ministry.  Sotheby's makes no claim of any type to the Property.  However, by reason of the foregoing, Sotheby's may be exposed to duplicative litigation or double or multiple liability if it releases the Property.

WHEREFORE, Sotheby's demands judgment that:

i)      Shene, the State, the Museum and the Ministry be required to interplead together with respect to their claims, if any, to the Property.

ii)     This Court authorize Sotheby's to deliver the Property to a person designated by the Court or to retain the Property to the credit of the action, to be disposed of in accordance with further order or the judgment of the Court;

iii)    Sotheby's be discharged from all liability to each of Shene, the State, the Museum and the Ministry upon Sotheby's delivery or retention of the Property as directed by this Court;

iv)     That Sotheby's be paid its costs and disbursements, including its reasonable attorneys' fees, in accordance with Fed. R. Civ. P. 54; and

v)  For such other and further relief as the Court deems proper.

Dated: New York, New York
December 20, 2004

        FLEMMING, ZULACK & WILLIAMSON, LLP

By: _____
      Dean R. Nicyper (DRN 7757)

One Liberty Plaza
New York, New York 10006-1404
(212) 412-9500

Attorneys for Plaintiff Sotheby's, Inc.

256447/21938

5