------------------------------------ x
SOTHEBY'S, INC., : 

                Plaintiff, : No. 04CV10067 (TPG) ECF CASE

   -against- : <u>ANSWER AND
CLAIM IN INTERPLEADER</u>

ROD SHENE, et al., :

                Defendants. :

------------------------------------ x

## ANSWER

Defendants the State of Baden-Württemberg, Germany ("Baden-Württemberg"), Staatsgalerie Stuttgart ("Staatsgalerie" or "Museum"), and the Baden-Württemberg Ministry of Science, Research and the Arts ("Ministry") (collectively, "Baden-Württemberg Defendants"), by their undersigned attorneys, Andrews Kurth LLP, hereby respond to the allegations in Plaintiff Sotheby's, Inc.'s ("Sotheby's") Amended Interpleader Complaint ("Complaint") as follows:

## NATURE OF THE ACTION

1. In response to the allegations in Paragraph 1 of Sotheby's Complaint, Baden-Württemberg Defendants admit that, based on the information available, the bound volume known as the *Augsburger Geschlechterbuch* is a collection of 16th century drawings and engravings (the "Property"). Baden-Württemberg Defendants admit that Sotheby's makes no claim to the Property. The remaining allegations of Paragraph 1 are descriptions of Sotheby's lawsuit and/or legal conclusions to which no response is required.

1

2. In response to the allegations in Paragraph 2, Baden-Württemberg Defendants admit that Sotheby's is a corporation incorporated in the State of New York with its principal place of business at 1334 York Avenue, New York, New York.

3. In response to the allegations in Paragraph 3, Baden-Württemberg Defendants admit that Defendant Rod Shene ("Defendant Shene") is an individual who buys and sells books, and who is a citizen of the United States and a citizen and domiciliary of Missouri residing in St. Louis. Baden-Württemberg Defendants admit that Defendant Shene claims ownership of or other interest in the Property. Baden-Württemberg Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3.

4. In response to the allegations in Paragraph 4, Baden-Württemberg Defendants admit that the Staatsgalerie is a museum located in the City of Stuttgart in the State of Baden-Württemberg, Germany. Baden-Württemberg Defendants admit that the Staatsgalerie's principal place of business is Urbanstrasse 41, 70038 Stuttgart, Germany. Baden-Württemberg Defendants deny that the Staatsgalerie is a legal entity capable of suing or being sued, in its own name, thus any claims by the Staatsgalerie to or in the Property are made on behalf of Baden-Württemberg. Baden-Württemberg Defendants deny the remaining allegations of Paragraph 4.

5. In response to the allegations in Paragraph 5, Baden-Württemberg Defendants admit that the Ministry is a department of Baden-Württemberg's state government. Baden-Württemberg Defendants admit that the Ministry's principal place of business is Königstraße 46, 70173 Stuttgart, Germany. Baden-Württemberg Defendants deny that the Ministry is a legal entity capable of suing or being sued in its own name, thus any claims by the Ministry to or in the Property are made on behalf of Baden-Württemberg. Baden-Württemberg Defendants deny the remaining allegations of Paragraph 5.

WAS:110719.5

6. In response to the allegations in Paragraph 6, Baden-Württemberg Defendants admit that Baden-Württemberg is a political subdivision of a foreign state, the Federal Republic of Germany, and, therefore, a foreign state. Baden-Württemberg Defendants admit that Baden-Württemberg's principal place of business is in Stuttgart, Germany. Baden-Württemberg Defendants admit that Baden-Württemberg is a separate legal entity capable of suing and being sued in its own name. Baden-Württemberg Defendants admit that Baden-Württemberg claims title to, and ownership and right to possession of the Property. Baden-Württemberg Defendants deny the remaining allegations of Paragraph 6.

## JURISDICTION AND VENUE

7. In response to the allegations in Paragraph 7, Baden-Württemberg Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the amount in controversy exceeds $75,000, exclusive of interest and costs. The remaining allegations of Paragraph 7 are legal conclusions to which no response is required.

8. In response to the allegations in Paragraph 8, Baden-Württemberg Defendants admit that the Property is located in this district. The remainder of the allegations of Paragraph 8 are descriptions of Sotheby's lawsuit and/or legal conclusions to which no response is required.

## FACTS AND CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS

9. In response to the allegations in Paragraph 9, Baden-Württemberg Defendants state that they lack knowledge or information sufficient to form a belief as to the date on which Defendant Shene or someone acting on his behalf delivered the Property to Sotheby's, and therefore deny that allegation. Baden-Württemberg Defendants admit the remaining allegations of Paragraph 9.

10. Baden-Württemberg Defendants admit the allegations of Paragraph 10.

WAS:110719.5

11. In response to the allegations in Paragraph 11, Baden-Württemberg Defendants admit that after Defendant Shene or someone acting on his behalf delivered the Property to Sotheby's, Sotheby's contacted the Staatsgalerie on or about April 1, 2004. Baden-Württemberg Defendants further state that the April 1, 2004 letter speaks for itself, and deny the remaining allegations of Paragraph 11.

12. Baden-Württemberg Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 12, and therefore deny the allegations in the first sentence of Paragraph 12. Baden-Württemberg Defendants admit the allegations in the second sentence of Paragraph 12.

13. In response to the allegations in Paragraph 13, Baden-Württemberg Defendants admit that sometime in or about August or September 2004, the Baden-Württemberg Defendants engaged in negotiations with an attorney who said he represented Sotheby's consignor to resolve by compromise settlement agreement the competing claims to the Property. Baden-Württemberg Defendants deny the remainder of the allegations of Paragraph 13.

14. Baden-Württemberg Defendants admit the allegations of Paragraph 14.

15. In response to the allegations in Paragraph 15, Baden-Württemberg Defendants deny that the Property is the property of Defendant Shene. Baden-Württemberg Defendants admit that the Property is the property of Baden-Württemberg, which is the owner of the collections of the Staatsgalerie. Baden-Württemberg Defendants admit the remaining allegations of Paragraph 15.

WHEREFORE, Baden-Württemberg Defendants respectfully request that the Court:

i) Grant Sotheby's prayer that all interested parties be required to interplead together with respect to their claims, if any, to the Property;

ii) Authorize Sotheby's to retain possession of the Property as custodian for the Court. Sotheby's will make the Property available to the parties to the lawsuit for examination, inspection or use as an exhibit pursuant to Court order, and will retain possession of the Property until this dispute is finally resolved by settlement agreement or entry of a final, non-appealable court order directing its disposition; and

iii) Dismiss Sotheby's from the case and discharge it from all liability to Shene, Baden-Württemberg, the Staatsgalerie, and the Ministry.

### BADEN-WÜRTTEMBERG'S CLAIM IN INTERPLEADER

Baden-Württemberg, by its undersigned attorneys, states as its claim in interpleader as follows:

#### PARTIES

1. On information and belief, Defendant Shene is a citizen of the State of Missouri: he is a citizen of the United States and a domiciliary of Missouri, residing at 6245 Northwood Avenue, St. Louis, Missouri 63105. Defendant Shene is self-employed as a buyer and seller of books who claims to be the owner of the Property.

2. Baden-Württemberg is a foreign state: it is a political subdivision of a foreign state pursuant to 28 U.S.C. § 1603. Baden-Württemberg is a legal entity capable of suing and being sued in its own name. Baden-Württemberg is the legal owner of the Property.

#### JURISDICTION AND VENUE

3. Since the Court has subject matter jurisdiction over Sotheby's Interpleader complaint pursuant to 28 U.S.C. § 1330, it also has jurisdiction over Baden-Württemberg's claim in Interpleader. The Court also has jurisdiction of this claim pursuant to 28 U.S.C. § 1330.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Property is situated in the Southern District of New York. Venue also lies in this district pursuant to 28 U.S.C. § 1391(f)(1).

## LOSS OF THE PROPERTY

5. On information and belief, in the early to mid-16th century, two German artists, Heinrich Vogtherr the Elder and Hans Burgkmair the Younger, created drawings and woodcuts which subsequently were bound together in a volume called the *Augsburger Geschlechterbuch*, variously translated as the "Augsburg Book of Genealogy" or "Augsburg Book of Nobles," which is referred to herein as the "Property."

6. The exact date of Baden-Württemberg's predecessor-in-interest becoming the owner or coming into lawful, quiet possession of the Property is unknown but, on information and belief, that date was as early as 1858, when curator Karl Ludwig Weisser began creating an inventory of the Staatsgalerie's Graphic Arts Collection, then known as the Royal Württemberg Collection of Prints and Drawings.

7. The Staatsgalerie stamped its ownership mark on the backs of the pages of the Property. The Staatsgalerie's mark is easily recognizable because the name of the Museum appears on the stamp.

8. During World War II, the Museum moved its collections to several storage facilities near Stuttgart in an attempt to protect them from destruction by air raids. One of the storage facilities near Stuttgart was the Waldenburg Castle in the town of Waldenburg. On information and belief, the Staatsgalerie moved the Property to the Waldenburg Castle in or about 1944.

9. After the War, the Museum did not recover any items from its collections that had been stored at Waldenburg Castle. The Museum understood that all items stored at the Waldenburg Castle were destroyed by fire during the extremely heavy fighting in and around Waldenburg, in which the castle and most of the town were destroyed.

10. On information and belief, John Hewitt Doty ("Doty") was a Captain in the U.S. Army, serving as an intelligence officer with the 63rd Infantry Division, at the time that division was involved in the fighting in Waldenburg.

11. On information and belief, Doty took possession of the Property without permission from Baden-Württemberg's predecessor-in-interest, the Museum or Baden-Württemberg. On information and belief, Doty transported the Property to his home after World War II ended and maintained possession of the Property in his home until his death.

12. After the War, the Staatsgalerie attempted to identify, document, report, publicize and recover its wartime losses.

THE LONG JOURNEY OF THE PROPERTY

13. On information and belief, Doty died on August 19, 1993, with his wife Dorothy Margaret Doty retaining possession of the Property and continuing to keep it in her home in St. Louis, Missouri.

14. On information and belief, in about 2001, while residing in St. Louis, Missouri, Mrs. Doty decided to move into a nursing home. Two of her nephews, Peter and Clarence Brown, assisted her with the move and with downsizing her possessions, including attempting to sell books from her late husband's collection.

15. On information and belief, Peter and Clarence Brown took some of the books to St. Louis book dealer Sheldon Margulis. On information and belief, Peter and Clarence Brown

told Mr. Margulis that they were selling the books for an aunt who was widowed, and that her late husband had acquired the books in Germany after World War II.

16. On information and belief, Mr. Margulis paid approximately $700-$950 to buy ten to twenty of the books from Mrs. Doty; one of the books he purchased was the Property.

17. On information and belief, in Spring 2001, soon after purchasing the books, Mr. Margulis held a private, by-invitation-only preview showing of books he planned to auction the following week.

18. On information and belief, Defendant Shene attended the preview and expressed his interest in the Property to Mr. Margulis. On information and belief, Defendant Shene said he planned to be out of town during the auction, so he asked Mr. Margulis for permission to participate in the auction by telephone and Mr. Margulis agreed.

19. On information and belief, about a week after the preview showing, Mr. Margulis held a private auction at his apartment, selling several of the books he had recently acquired from Peter and Clarence Brown, including the Property and other books from the Museum belonging to Baden-Württemberg.

20. On information and belief, Defendant Shene was the winning bidder for the Property in Mr. Margulis' auction, paying approximately $3,800-$3,900.

WAS:110719.5

## DEFENDANT SHENE'S NEGLIGENT DUE DILIGENCE

21. On information and belief, the Staatsgalerie's ownership stamps – placed on the backs of the pages of the Property – were visible when Defendant Shene purchased the Property, remained visible throughout Defendant Shene's possession of the Property, and remain visible to this day.

22. Defendant Shene did not contact the Staatsgalerie to inquire about the stamps that appear on the pages of the Property at any time prior to the purchase.

## THE STATE'S EFFORTS TO REGAIN POSSESSION OF ITS PROPERTY

23. On information and belief, sometime after Spring 2001, Defendant Shene or someone acting on his behalf turned the Property over to Sotheby's for the purpose of having Sotheby's sell the Property.

24. On information and belief, after having purchased the Property in Spring 2001, Defendant Shene had possession of the Property for approximately three years before transferring possession to Sotheby's.

25. On information and belief, after receiving the Property, Sotheby's noticed the Staatsgalerie stamps.

26. By letter dated April 1, 2004, Sotheby's wrote to the Staatsgalerie inquiring about the Property.

27. On or about April 13, 2004, the Staatsgalerie wrote back to Sotheby's, explaining that the Property was stolen from the Museum in 1945.

28. By letter dated July 23, 2004, Sotheby's confirmed that it would retain possession of the Property until the dispute over ownership was resolved.

WAS:110719.5

29. By letter dated August 25, 2004, the Ministry wrote to Sotheby's, confirming Baden-Württemberg's claim of ownership of the Property and demanding its return.

30. On or about November 1, 2004, Defendant Shene commenced an action against the Staatsgalerie, the Ministry, and "John Doe," titled *Rod Shene v. Staatsgalerie Stuttgart, et al.*, No. 04 CV 08640 (DC) (S.D.N.Y.) seeking, *inter alia*, a declaratory judgment regarding the respective parties' right, title and interest to the Property. Defendant Shene, the plaintiff therein, voluntarily dismissed his lawsuit on or about December 16, 2004.

31. Baden-Württemberg has been and continues to be the rightful owner of the Property. Baden-Württemberg has demanded that Defendant Shene return the Property to it, but he refuses to turn the Property over to Baden-Württemberg.

32. Defendant Shene has intentionally exercised dominion and control over the Property to the exclusion of and inconsistent with Baden-Württemberg's rights in and to the Property.

33. Defendant Shene's intentional exercise of dominion and control includes possessing the Property, concealing it from Baden-Württemberg, claiming to be the owner of the Property, providing the Property to Sotheby's for sale, transporting the property and refusing to return the Property to Baden-Württemberg upon demand.

34. In addition, Defendant Shene fraudulently concealed the Property from Baden-Württemberg, just as the Property had been fraudulently concealed for decades before Defendant Shene bought it, ensuring that Baden-Württemberg had no knowledge of the existence of the Property, the identity of its possessor or its location for many years, from 1945 until 2004.

35. Defendant Shene's possession and intentional exercise of dominion and control over the Property is wrongful and without the authority of the true owner, Baden-Württemberg.

36. Defendant Shene's wrongful possession of the Property and his wrongful refusal to return the Property have caused damage to Baden-Württemberg by depriving it of the use and enjoyment of the Property.

37. Because Baden-Württemberg is the true owner of the Property, and because Defendant Shene does not have a lawful basis for a claim to ownership of the Property, Baden-Württemberg is entitled to have it returned.

38. Because the Property is a compilation of unique works of art, as well as a unique work of art in itself, the harm to Baden-Württemberg cannot be adequately remedied unless the Property is returned to it, with damages for loss of use and enjoyment during the period of Defendant Shene's detention of the Property.

39. Baden-Württemberg is entitled to damages for loss of use of the Property during the period Defendant Shene has been in possession of the Property.

40. In the event the Property has been damaged in any way since it was acquired by Defendant Shene or cannot be returned for any reason, Baden-Württemberg would also be entitled to be compensated for such damage or loss.

PRAYER FOR RELIEF

WHEREFORE, Baden-Württemberg respectfully requests that the Court grant it the following relief:

a) Declare that Baden-Württemberg has sole and superior title to and ownership and right to possession of the Property;

b) Award Baden-Württemberg exclusive possession of the Property and direct Sotheby's or other custodian of the Property to turn the Property over to Baden-Württemberg;

c) Award Baden-Württemberg its actual damages from Defendant Shene, in an amount to be determined at trial, to compensate Baden-Württemberg for loss of use of the Property and as compensation for any damage to the Property while it was in Defendant Shene's possession;

d) Upon final judgment, award Baden-Württemberg pre-judgment and post-judgment interest on any damages awarded from Defendant Shene as allowed by law;

e) Award Baden-Württemberg its costs of court, expenses and reasonable attorneys' fees; and

f) Award Baden-Württemberg any other relief which the Court finds just, equitable and proper.

Dated: New York, New York
March 7, 2005

Respectfully submitted,

**ANDREWS KURTH LLP**

/s/ Antonette Ruocco
Antonette Ruocco (AR 7051)
450 Lexington Avenue
New York, New York 10017
Tel: (212) 850-2800
Fax: (212) 850-2929

Thomas R. Kline (TK 4960)
L. Eden Burgess
1701 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
Tel: (202) 662-2700
Fax: (202) 662-2739

*Attorneys for Baden-Württemberg Defendants*

WAS:110719.5