UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
SOTHEBY'S, INC.,

               Plaintiff,

     - against -

ROD SHENE, STAATSGALERIE
STUTTGART, and THE STATE OF
BADEN-WÜRTTEMBERG, GERMANY, by
itself and as agent for STAATSGALERIE
STUTTGART, and THE BADEN-
WÜRTTEMBERG MINISTRY OF
SCIENCE, RESEARCH AND THE ARTS,

               Defendants.
------------------------------------x

04 Civ. 10067 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/05

      Sotheby's brings this interpleader action to resolve a dispute over title to German artworks in its possession. The dispute is between defendant Rod Shene and a German museum.

      Defendants Staatsgalerie Stuttgart (the "Museum"), State of Baden-Württemberg, Germany (the "State"), and Baden-Württemberg Ministry of Science, Research and the Arts (the "Ministry," and, collectively, the "German Parties") move to dismiss Sotheby's from the action. Defendant Shene consents subject to certain conditions. The State also moves to dismiss the Museum and the Ministry from the action. Defendant Shene moves to transfer the action to the United States District Court for the Eastern District of Missouri. Sotheby's moves for costs and attorney's fees.

1

The motion to dismiss Sotheby's is granted. The motion to dismiss the Museum and the Ministry is granted. The motion to transfer is denied. The motion to award Sotheby's costs and fees is granted, subject to determination of the amount following further submissions.

FACTS

This case concerns the title to in the *Augsburger Geschlecterbuch*, a volume that contains a collection of 16th Century drawings and engravings (the "Property"). In or about March 2004, Shene delivered the Property to Sotheby's for auction. Sotheby's contacted the Museum in April 2004 regarding the provenance of the Property.

In July 2004, the German Consulate General's office informed Sotheby's that the Museum believed the Property had been stolen from the Museum during World War II. In August 2004, the Ministry wrote to Sotheby's and asserted that the State, as owner of the gallery collections of the Museum, is the owner of the Property.

After negotiations between Sotheby's, Shene, and the German Parties failed, Shene filed suit in this court in November 2004, seeking, *inter alia*, a declaratory judgment regarding title to the Property. Shene v. Staatsgalerie Stuttgart, et al. (04 Civ. 8640). That action was voluntarily dismissed without prejudice on December 16, 2004.

2

Sotheby's filed this interpleader action on January 12, 2005 to settle the ownership of the Property. Sotheby's makes no claim to ownership, but rather seeks direction from the Court on how to deal with the property. Shene and the German Parties subsequently filed answers and interpleader claims against each other in which both claim ownership of the Property. The Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1330 (actions against foreign states).

## DISCUSSION

### The State's Motion to Dismiss Sotheby's

The State moves for an order dismissing Sotheby's from the action and discharging it of further liability; directing Sotheby's to retain possession of the Property on the Court's behalf; directing Sotheby's make the Property available to the parties for inspection on order of the Court; and providing that Sotheby's will retain possession of the Property until the matter is finally resolved. Shene consents to dismissing Sotheby's from the action but otherwise objects to any relief that requires Sotheby's to maintain possession of the Property or that requires either party to obtain a court order before examining the Property.

While Shene recognizes that Sotheby's "would certainly be an excellent custodian of the Property," he argues that the choice of Sotheby's might prejudice his motion to transfer venue. As discussed below, Shene's motion to transfer venue is denied, and as such this point is moot. In any event, the

3

Court agrees that Sotheby's is the appropriate custodian. It would appear that Sotheby's consents to this.

Shene next argues that there is no need for a party to seek a court order every time it wishes to examine the Property. The State responds that it does not seek such a restrictive condition, but rather an order from the Court setting ground rules for examination of the Property.

The Property is a 500 year-old volume and should be treated with the utmost care. Nonetheless, the parties must be able to examine the Property as this litigation progresses. As such, the parties are directed to submit a joint stipulation for the Court's signature setting forth terms by which the parties will be permitted to inspect and examine the Property. This stipulation should encompass, *inter alia*, notice, handling, and photography.

The motion to dismiss Sotheby's on the conditions described is granted, and the State is directed to submit an appropriate pleading with a new caption.

Shene's Motion to Transfer Venue

Shene moves to transfer this action to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a). Under § 1404(a),

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A threshold question in a § 1404 motion is whether the case could have been brought in the proposed destination venue. Section 1404(a) allows a

court to transfer a case "to any other district or division where it might have been brought." Because a foreign state is involved, jurisdiction and venue in this matter are governed by the Foreign Sovereign Immunities Act ("FSIA"). Under FSIA, unless an action falls within certain exceptions, a foreign state has immunity from suit in the federal courts. See 28 U.S.C. §§ 1330, 1603-1605. The only potentially applicable exception in this case would be waiver. 28 U.S.C. § 1605(a)(1).

Here, the State has agreed to waive its immunity to suit in New York. It has not waived – and will not waive – its immunity to a suit filed in Missouri. Thus this action could not have been filed in Missouri. Shene's motion to transfer venue is denied.

German Parties' Motion to Dismiss the Museum and Ministry

The German Parties have also moved to dismiss Shene's claims against the Museum and the Ministry pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The German Parties claim that the Ministry and Museum are not distinct legal entities under the law of Baden-Württemberg and do not have the capacity to sue or be sued. In support of this contention the State submits a declaration from Joachim Uhlmann, a lawyer at the Ministry.

Mr. Uhlmann's declaration demonstrates that the Ministry does not have a legal existence separate from Baden-Württemberg. It cannot be named as a

5

party in a lawsuit under Baden-Württemberg law, nor can it file suit on its own behalf. The declaration also shows that the Museum lacks the capacity to sue or be sued, and that it does not have a legal existence separate from Baden-Württemberg. Baden-Württemberg owns all the Museum's collections, as well as its building and grounds, and the assets used by the Museum in its operations.

Shene is not prejudiced by the dismissal of the Ministry and the Museum. This suit will proceed with both the State and Shene making claim to the Property. Ultimately, the matter will be resolved, and Sotheby's will deliver the Property to either Shene or the State. That the State would ultimately pass the Property to the Museum, which houses the State's collections, has no bearing on Shene's case.

The State's motion to dismiss the Museum and the Ministry pursuant to Fed. R. Civ. P. 12(b)(6) is granted.


Sotheby's Costs and Fees

The one remaining matter before the Court is Sotheby's request that it be paid its costs and disbursements, including its reasonable attorneys' fees, in accordance with Fed. R. Civ. P. 54.

A court will typically exercise its discretion to grant reasonable fees and costs to the interpleader plaintiff. 4-22 Moore's Federal Practice – Civil § 22.06; see also Septembertide Publ'g, B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d

Cir. 1989) (citing Moore's). The court believes that this should be done in this case. However, Sotheby's needs to apply for the specific amounts it seeks. In connection with this application it should provide an estimate of the value of the Property. Sotheby's can apply at an appropriate time to be compensated for future services that it renders in this case.

## CONCLUSION

For the aforementioned reasons, Sotheby's motion to be dismissed and discharged of liability in this matter is granted. Shene's motion to transfer venue is denied. The State's motion to dismiss the Museum and the Ministry is granted. Sotheby's motion for reasonable attorneys' fees and costs is granted, subject to a more specific application to the court under Rule 54.

SO ORDERED.

Dated:   New York, New York
         December 2̲3̲, 2005

                                                _____
                                                THOMAS P. GRIESA
                                                U.S.D.J